UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 6 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| JESSE BOYD, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 20-3167 (UNA) |
| LENNARD JOHNSON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Criminal charges against petitioner Jesse Boyd are pending in the Superior Court of the District of Columbia. *See* Pet. ¶ 6. Petitioner currently is detained at the D.C. Jail pursuant to D.C. Code § 23-1322. *See id.* ¶¶ 6, 13. He explains that his last court appearance was on February 14, 2020, for a preliminary hearing, *see id.* ¶ 6, and each subsequent hearing date has been continued, *see id.* ¶ 13, due to the coronavirus pandemic. According to petitioner, not only is he detained for a "term . . . beyond the statutory protections of the expedited calendar dictated by [D.C. Code §] 23-1322(h)(1)," but also is at risk for exposure to the coronavirus at the D.C. Jail. *Id.* ¶ 8. The presiding judge denied his emergency motions for release from custody on April 20, 2020, July 17, 2020, and September 29, 2020, *see id.* ¶¶ 7-9, and now before the Court is petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner demands immediate release from the D.C. Jail and placement on home confinement. *See* Pet. ¶ 15.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that

1

the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)).  This is such an action.  *See Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam) ("It is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." ) (citation omitted), *cert. denied*, 549 U.S. 889 (2006); *see Reed v. Wainwright*, No. 10-CV-0807, 2010 WL 1980170, at *1 (D.D.C. May 17, 2010) ("This Court not only lacks the authority to overturn a decision of a Superior Court judge, but also refrains from interfering with ongoing Superior Court proceedings."); *Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*").

Petitioner may raise – and presumably already has raised – any constitutional claim he believes he has regarding his ongoing detention.  Because petitioner remains in custody by order of the Superior Court, this Court declines to act.  *See Lewis v. Senior Judges*, 75 F. Supp. 3d 201, 203 (D.D.C. 2014).   The Court will grant petitioner's application to proceed *in forma pauperis*, deny the habeas petition without prejudice, and dismiss this civil action without prejudice.  An Order accompanies this Memorandum Opinion.

DATE: November 6, 2020                                       /s/
                                                                                KETANJI BROWN JACKSON
                                                                                United States District Judge